## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

DAVID BELL,                                    )
    Plaintiff,                             )
                                               )
v.                                             )     No. 3:07-CV-270
                                               )     (Phillips)
BELLSOUTH TELECOMMUNICATIONS, INC.,            )
    Defendant.                             )

## MEMORANDUM OPINION

Plaintiff David Bell has sued his former employer, BellSouth Telecommunications, Inc., for breach of contract after BellSouth terminated plaintiff's employment as a Services Technician. BellSouth has filed a motion for summary judgment [Doc. 14], to which the plaintiff has responded [Doc. 17]. Because plaintiff's claims are preempted by Section 301 of the Labor Management Relations Act, BellSouth's motion for summary judgment will be granted and this action dismissed.

### I. Factual Background

BellSouth hired plaintiff in 1999 and terminated his employment on May 9, 2006. BellSouth terminated plaintiff for misconduct when it discovered that plaintiff had been viewing sexually explicit internet web pages on his company-issued computer during work hours. Throughout plaintiff's employment, BellSouth had in place a code of ethics, which prohibited misuse of the company's electronic communications, computer, and media systems to access pornographic or sexually explicit material. Technicians, such as plaintiff,

were aware that violation of the company code of ethics could result in discipline up to and including termination of employment.

During plaintiff's employment, he was issued a company laptop computer. In spite of being aware of the rules prohibiting employees from using company-issued computers to access pornographic websites, plaintiff accessed numerous inappropriate, pornographic, sexually explicit web pages. BellSouth management became aware of plaintiff's conduct by way of an audit of the company's computer systems. Plaintiff initially denied that he had accessed inappropriate websites using his work computer, but upon being shown photos, he later recanted and admitted that he had indeed pulled up the pornographic websites. BellSouth terminated plaintiff's employment May 9, 2006.

After BellSouth terminated plaintiff's employment, plaintiff filed a grievance with his labor union, Communications Workers of America (CWA), challenging the termination under the collective bargaining agreement (CBA). CWA was plaintiff's exclusive representative under the CBA. After reviewing and investigating plaintiff's grievance, CWA decided to not pursue the grievance any further and the grievance was not taken to arbitration. Plaintiff has not brought legal action against CWA.

In his response to BellSouth's motion for summary judgment, plaintiff filed a response in which he stated:

> While the Plaintiff would not agree with all the summaries of fact advanced by the Defendant; and while he is convinced that he was unjustly discharged in fact; Plaintiff concedes that the

> relief sought should be granted based upon the legal arguments contained in the summary judgment.

Plaintiff's Response to Show Cause [Doc. 17].

## II. Analysis

Rule 56(c), Federal Rules of Civil Procedure, provides that summary judgment will be granted by the court only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The burden is on the moving party to conclusively show that no genuine issue of material fact exists. The court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Morris to Crete Carrier Corp.,* 105 F.3d 279, 280-81 (6th Cir. 1987); *White v. Turfway Park Racing Ass'n, Inc.*, 909 F.2d 941, 943 (6th Cir. 1990); *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). Once the moving party presents evidence sufficient to support a motion under Rule 56, Federal Rules of Civil Procedure, the non-moving party is not entitled to a trial simply on the basis of allegations. The non-moving party is required to come forward with some significant probative evidence which makes it necessary to resolve the factual dispute at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986); *White,* 909 F.2d at 943-44. The moving party is entitled to summary judgment if the non-moving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof. *Celotex,* 477 U.S. at 323; *Collyer v. Darling,* 98 F.3d 220 (6th Cir. 1996).

The sole claim asserted by plaintiff in this case is for wrongful termination of employment in violation of contractual rights. Because plaintiff's claim in this case involves the alleged violation of a CBA governed by the Labor Management Relations Act (LMRA), plaintiff's claim is preempted by Section 301 of the LMRA. *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202 (1985). Moreover, the Sixth Circuit has held that the LMRA preempts a state law claim if breach of contract is an essential element of the state law claim. *Fox v. Parker Hannifin Corp.*, 914 F.2d 795, 800 (6th Cir. 1990).

To prevail against an employer for breach of the CBA after the employee's union has declined to take a grievance to arbitration, the employee must be able to prove breach of the CBA by the company <u>and</u> a breach of the union's duty of fair representation in not prosecuting the grievance to arbitration. *Winston v. General Drivers, Warehousemen & Helpers*, 93 F.3d 251, 254 (6th Cir. 1996); *Jones v. DaimlerChrysler Corp.*, 212 Fed.Appx. 515, 516 (6th Cir. 2007). In *Jones,* the Sixth Circuit stated:

> To recover against either the Company or the Union, [the plaintiff] must show that the Company breached the Agreement and that the Union breached its duty of fair representation. Unless [the plaintiff] demonstrates both violations, he cannot succeed against either party." *Bagsby v. Lewis Bros. Inc. of Tenn.*, 820 F.2d 799, 801 (6th Cir. 1987) (internal citations omitted). "The employee may, if he chooses, sue one defendant and not the other; but the case he must prove is the same whether he sues one, the other, or both." *DelCostello*, 462 U.S. at 165 (holding that in order for former employee plaintiff to prevail in hybrid action, he must prove case against both the employer and the union.

*Jones*, 212 Fed.Appx. at 516.

It is undisputed that at all pertinent times, CWA was plaintiff's exclusive representative under the CBA. After reviewing and investigating plaintiff's grievance, CWA decided to not pursue the grievance any further and thus the grievance was not taken to arbitration. Plaintiff has not alleged that CWA breached its duty of fair representation, nor has he brought legal action against CWA. Because plaintiff has not alleged a breach of the union's duty of fair representation, his claim against BellSouth cannot proceed. *See Smith v. Babcock & Wilson Co.,* 726 F.2d 1562 (11th Cir. 1984) ("The indispensable predicate for a § 301 action, therefore, is a showing that the union has breached its statutory duty of fair representation"). Accordingly, BellSouth is entitled to judgment as a matter of law on plaintiff's claim for breach of the CBA.

### III. Conclusion

For the foregoing reasons, the court finds that BellSouth is entitled to judgment as a matter of law on plaintiff's claims for breach of the CBA.

**ENTER:**

    s/ Thomas W. Phillips
    United States District Judge